FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 14, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | No. 2:25-CV-00482-RLP<br><br>ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL |

Before the Court is Defendant The Boeing Company's Motion for Partial Dismissal, ECF No. 19. Plaintiff is represented by attorney Stanley Allan Kempner, Jr., and Defendant is represented by attorneys Laurence A Shapero and Lauren S Titchbourne. This matter was considered without oral argument.

BACKGROUND

On November 20, 2025, Plaintiff Thomas Crawford filed this suit against his employer, Boeing. ECF No. 1. The case was reassigned to this Court on December 10, 2025, ECF No. 7. Boeing filed a Motion to Dismiss on December 11, 2025.

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 1

ECF No. 8. On December 31, 2025, before the Court issued a ruling on Boeing's motion, Mr. Crawford filed his First Amended Complaint (FAC). ECF No. 10. The FAC asserted claims for racial discrimination in violation of Title VII of the Civil Rights Act and Washington's Law Against Discrimination (WLAD), and age discrimination in violation of the Age Discrimination in Employment Act (AEDA) and WLAD. *Id*. at 7-8. On January 12, 2026, Boeing filed a Motion to Dismiss the FAC. ECF No. 11. The allegations of the FAC are detailed in this Court's prior Order granting the Motion to Dismiss. *See* ECF No. 14.

The Court granted Boeing's motion to dismiss, and provided Mr. Crawford leave to amend within 60 days. *Id*. at 12. Mr. Crawford filed a Second Amended Complaint (SAC) on May 6, 2026.[1] ECF No. 17. In addition to the allegations

---

[1] Boeing notes that May 6, 2026 was 61 days after the Court's March 6, 2026 order. Mr. Crawford filed a motion for leave to file his SAC (despite the Court's March 6 order explicitly granting him leave to do so) on April 21, which the Court did not rule on until May 19. Regardless, filing the SAC one day late does not provide sufficient grounds to dismiss it. *See Udom v. Fonseca*, 846 F.2d 1236, 1238 (9th Cir. 1988) (five day delay insufficient grounds to fail to give plaintiff opportunity to file amend complaint).

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 2

contained in the FAC, Mr. Crawford's SAC included the following new

allegations:

    a. Protected characteristics and satisfactory performance:
        i. Plaintiff is over 40 years old and Caucasian.
        ii. Prior to his suspensions and discipline 2024-2025, Plaintiff had no disciplinary history or performance plan.

    b. Specific adverse employment actions:
        i. Plaintiff was suspended on June 18, 2024, without being given a reason and escorted from the premises under guard.
        ii. Plaintiff remained suspended until January 8, 2025.
        iii. Plaintiff was suspended again on March 7, 2025, without being told the reason.
        iv. On September 15, 2025, Boeing issued Plaintiff a Disciplinary Corrective Action Memo alleging inappropriate behavior, including race-based hostility.

    c. Comparator and inference facts:
        i. Despite Plaintiff's multiple reports of Mobley's threats and dangerous conduct, Boeing took no action to protect Plaintiff and apparently did not discipline Mobley for the February 26, 2025 truck incident.
        ii. Boeing credited allegations initiated by Mobley's spouse and disciplined Plaintiff, while failing to address Plaintiff's prior complaints about Mobley's harassment and threats.

    d. Hostile work environment specifics:
        i. In October 2023, January 5, 2024, and May 24, 2024, Mobley berated, harassed, verbally threatened Plaintiff , and physically blocked his exit; on February 26, 2025, Mobley used a truck in a manner that caused its rear end to swing toward Plaintiff.
        ii. Boeing Human Resources "began harassing and threatening" Plaintiff on June 18, 2024, when Plaintiff attempted to provide a written statement about Mobley's conduct.

*Id*. at 8-10.

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 3

Mr. Crawford's SAC also asserted a new claim for retaliation under Title VII of the Civil Rights Act, the ADEA, and WLAD. *Id*. at 14-16.

Boeing again moves for dismissal under FRCP 12(b)(6) on all of Mr. Crawford's claims save the new retaliation claims.

LEGAL STANDARD

Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. FRCP 12(b)(6). Dismissal under this rule is proper only if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a 12(b)(6) motion, the Court accepts the allegations in the complaint as true and construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. V. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007); *see also Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 4

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). It is not enough that a claim for relief be merely "possible" or "conceivable;" instead, it must be "plausible on its face." *Twombly*, 550 U.S. at 556. A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. at 555. The allegations must be enough to raise the right to relief above a speculative level. *Id*. at 555.

ANALYSIS

*Discrimination Claims*

Boeing contends Mr. Crawford's SAC fails to plausibly allege age or racial discrimination claims. Boeing argues Mr. Crawford fails to allege facts connecting his age or race to an adverse employment action, that he was performing satisfactory work, or that similarly situated comparators were treated differently. Mr. Crawford contends the fact he was punished for complaints made against him, but Mr. Mobley was not, gives rise to an inference of discriminatory treatment.

Title VII makes it an unlawful employment practice to "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Plaintiffs may demonstrate discrimination

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 5

under a theory of disparate treatment. *See Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012). Disparate treatment occurs "where an employer has treated a particular person less favorably than others because of a protected trait." *Id*.

The ADEA makes it unlawful "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). This prohibition applies to "individuals who are at least 40 years of age." 29 U.S.C. § 631(a). A plaintiff alleging discrimination under the ADEA may proceed under a theory of disparate treatment. *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990). "Proof of disparate treatment requires a showing that the employer treats some people less favorably than others because of their age." *Id*. (citation omitted).

Washington's Law Against Discrimination (WLAD) also prohibits employers from refusing to hire, discharging, or discriminating "against any person in compensation or in other terms or conditions of employment" on the basis of a protected characteristic, including age, gender, and race. RCW 49.60.180.

To state a Title VII discrimination claim based on disparate treatment, Mr. Crawford must show that: (a) he belonged to a protected class; (b) he performed according to his employer's expectations; (c) he was subjected to an adverse

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 6

employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)); *see also Pandya v. Bank of Am.*, 2024 WL 519178 at *6 (W.D. Wash. Feb. 9, 2024). The basic elements of a prima facie case of disparate treatment under WLAD and Title VII are the same. *Pandya*, 2024 WL 519178 at *7.

To state a claim for age discrimination under the ADEA, the plaintiff must demonstrate that he was (1) at least 40 years old, (2) performing his job satisfactorily, (3) subject to an adverse employment action, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Pandya*, 2024 WL 519178 at *6.

Boeing contends that Mr. Crawford fails to allege any facts demonstrating a causal connection between his age or race and any adverse employment action, and he fails to demonstrate similarly situated employees outside his protected class were treated more favorably.

"Just saying so is not enough. A recitation of facts without plausible connection to [a protected class] is not cured by labels and conclusory statements about [] discrimination." *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019).

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 7

Here, Mr. Crawford alleges no facts which plausibly link Boeing's actions to his age or race. The only attempt made is Mr. Crawford's assertion that Mr. Mobley, a Black man under the age of 40, was not disciplined for the complaints Mr. Crawford, a White man over 40, made, but Mr. Crawford was disciplined for the complaints Mr. Mobley made. However, Mr. Crawford's SAC only vaguely states Mr. Mobley complained about "racial comments" allegedly made by Mr. Crawford. It is impossible to determine whether Boeing selectively disciplined Mr. Crawford on account of his age or race as without more details the Court cannot ascertain whether his conduct was comparable to Mr. Mobley's. *See Austin*, 925 F.3d at 1138 (male students failed to allege selective enforcement theory as they did not allege similar misconduct committed by female students, and thus allegations of disparate treatment on the basis of sex were conclusory).

Mr. Crawford was required to allege more to show his conduct and Mr. Mobley's were comparable. His failure to do so means he has not plausibly alleged a connection between Boeing's actions and his age or race. He again fails to state an age or racial discrimination claim.

*Hostile Work Environment Claim*

Boeing contends Mr. Crawford fails to plausibly allege a hostile work environment claim for two reasons. First, because Mr. Crawford does not plausibly allege Mr. Mobley or Boeing's actions were received because of his age or race.

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 8

Second, because the conduct alleged was not sufficiently severe or pervasive enough to alter the conditions of his employment. Mr. Crawford contends Mr. Mobley's conduct, when read in light of Mr. Crawford's Disciplinary Action Corrective Action Memo, gives rise to an inference of racial motivation and severe harassment in the workplace.

To prevail on a hostile workplace claim premised on race, a plaintiff must show: (1) he was subjected to verbal or physical conduct of a racial nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), *as amended* (Jan. 2, 2004). "Analysis of a hostile work environment claim is identical under the ADEA and Title VII, except that the harassment must be shown as motivated by age, rather than the protected classes enumerated in Title VII." *Richardson v. Hilton Resorts Corp.*, 2019 WL 1440248 at *4 (D. Haw. Mar. 29, 2019). The WLAD requires substantively the same showing. *See Loeffelholz v. Univ. of Wash.*, 175 Wn.2d 264, 275, 285 P.3d 854 (2012) (to establish a prima facie hostile work environment claim, the plaintiff must allege facts proving that (1) the harassment was unwelcome, (2) the harassment was because the plaintiff was a member of a protected class, (3) the harassment affected the terms and conditions of employment, and (4) the harassment is imputable to the employer).

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 9

Under both statutes, "[h]arassment is actionable only if it is sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment." *Alonso v. Qwest Commc'ns Co., LLC*, 178 Wn. App. 734, 749, 315 P.3d 610 (2013) (citing *Antonius v. King County*, 153 Wn.2d 256, 261, 103 P.3d 729 (2004)); *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) ("In order to prevail on her hostile work environment claim, [a plaintiff] must show that her workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of her employment") (brackets, ellipses, and quotation marks omitted). To determine whether conduct was sufficiently severe or pervasive, the Court considers "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Dominguez-Curry v. Nevada Transp. Dep't.*, 424 F.3d 1027, 1034 (9th Cir. 2005) (internal quotation marks and citation omitted).

As with Mr. Crawford's discrimination claims, he fails to adequately allege Mr. Mobley's hostile actions were on the basis of his age or race. In fact, Mr. Crawford makes even less of an effort to connect Mr. Mobley's actions with age or racial discrimination. Again, it is not enough for Mr. Crawford to make conclusory assertions that Mr. Mobley discriminated against him on the basis of age or race.

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 10

He must allege more to show a plausible connection. His failure to do so undermines his claim.

Relying on *Diemert v. City of Seattle*, 689 F. Supp. 3d 956, 963 (W.D. Wash. 2023), Mr. Crawford contends the Disciplinary Action Corrective Action Memo's claim that he showed "hostility or aversion based on race" raises a plausible inference that the conflict with Mr. Mobley was racially charged. *Diemert* is inapposite. In *Diemert*, the Western District of Washington declined to dismiss a hostile work environment claim where the White plaintiff alleged co-workers verbally and physically assaulted him with explicit references to his race. 689 F. Supp. 3d at 963. The *Diemert* plaintiff's complaint contained multiple specific examples of co-workers making hostile racial comments towards him, including at race and social justice trainings. *Id*. at 960-61.

Mr. Crawford's SAC, by contrast, makes no attempt to connect Mr. Mobley's hostile actions to his age or race. There are no specific examples provided of age-related or racial comments made by Mr. Mobley. The fact the Disciplinary Action Corrective Action Memo claimed Mr. Crawford showed "hostility or aversion based on race" tells us nothing about Mr. Mobley's actions. The mere fact race was invoked in the Memo does not give rise to an inference that Mr. Mobley's hostile actions were racially motivated.

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 11

Boeing also contends that Mr. Crawford fails to allege sufficiently severe or pervasive conduct. This criticism is well taken. Mr. Crawford's SAC makes general, vague allegations that Mr. Mobley "berated," "harassed," and "verbally threatened" him, and in one instance "blocked [his] egress." It is impossible to ascertain the degree to which these actions altered the conditions of Mr. Mobley's employment based on the scant allegations made. The one specific allegation made, that Mr. Mobley gunned his engine in Mr. Crawford's vicinity, does not rise to the level necessary to establish a hostile work environment claim. *See, e.g., Tofsrud v. Potter*, 2011 WL 1223994, at *7 (E.D. Wash. Mar. 30, 2011) ("boorish, unmanly, unprofessional, and immature conduct" inappropriate, but insufficient to state a hostile work environment claim), *aff'd*, 490 F. App'x 857 (9th Cir. 2012).

For both these reasons, Mr. Crawford fails to state a viable hostile work environment claim.

*Remedy*

Boeing asks the Court to dismiss Mr. Crawford's discrimination and hostile work environment claims with prejudice, as his repeated amendments to his complaint have all failed to allege sufficient facts to state a claim.

The Court has broad discretion to deny a plaintiff leave to amend his complaint where he has already been provided leave to amend, but after amendment he again fails to state a claim. *Zucco Partners, LLC v. Digimarc Corp.*,

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 12

552 F.3d 981, 1007 (9th Cir. 2009). Mr. Crawford has amended his complaint twice already. The Court has already granted one motion to dismiss and provided leave to amend the complaint. The SAC fails to address the deficiencies pointed out in the Court's prior Order. For that reason, the Court grants Boeing's motion to dismiss with prejudice, as Mr. Crawford has demonstrated further attempts to amend his complaint would be futile.

**Accordingly, IT IS ORDERED:**

1.    Defendant The Boeing Company's Motion for Partial Dismissal, **ECF No. 19**, is **GRANTED**.

2.    Counts one through five, as alleged in the Second Amended Complaint at **ECF No. 17**, are **DISMISSED** with prejudice.

3.    Defendant shall file an answer or other responsive pleading to Mr. Crawford's remaining retaliation claims by July 28, 2026.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel

DATED July 14, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL * 13